516 P.2d 343

George G. BLONQUIST et al., Plaintiffs and Respondents,

v.

Troy BLONQUIST et al., Defendants and Appellants.

No. 13160.

Supreme Court of Utah.

Nov. 29, 1973.

William J. Cayias, Tel Charlier, Salt Lake City, for defendants and appellants.

W. Eugene Hansen of Nielsen, Conder, Hansen & Henriod, Alan D. Frandsen, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The plaintiffs filed their complaint in the court below seeking to have that court declare a section of roadway in Summit County, Utah, a public road by dedication and to recover damages for its obstruction. The district court found the issues in favor of the plaintiffs, and the defendants appeal.

The road in question is one which extends for a distance of approximately 3½ miles and runs south and east from its juncture with State Highway 133. The court found that the roadway has existed at least to the west boundary of Section 10, Township 2 North, Range 6 East, Salt Lake Base and Meridian, since 1875, and from the west boundary of said section to the Newton-Oswald Gate since 1898 to the present time. That the road has been in existence from the dates above mentioned and has been used by the public for various purposes, including the driving of cattle, access to fishing and hunting areas, access to surrounding ranch lands, travel to various other connecting roads in the area, access to sawmills and timber operations, access to picnicking and sight-seeing areas. The court found that between the years 1910 and 1967 Summit County had spent substantial sums of public money maintaining and improving said road. That between the years 1951 and 1963 the road in question had been classified as a Class B road and the County had received in excess of $7,000 by reason of the fact that said road was so classified. The court further found that the use of the roadway by the public had been open, notorious, and without interference by the owners of property over which it traverses. The court concluded that the roadway in question was a public right of way and dedicated by public user for more than ten years. The court further found that the defendants had obstructed the roadway and further interfered with its use to the plaintiffs' damage in the sum of $500. There is ample evidence in the record to support the court's findings.

The defendants are here seeking a reversal claiming that the lower court erred in finding that the segment of the roadway in

**236**

question is a public right of way, and further that the court erred in determining that the width of the roadway is 44 feet.

The statute dealing with the problem is Section 27–12–89, U.C.A.1953, which reads as follows:

> A highway shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years.

A number of decisions of this court have dealt with and interpreted this statute.[1]

A number of witnesses testified that the roadway was used to drive sheep and cattle and also for vehicular travel. While the testimony did not show a daily or a weekly use, it does show a use by the public whenever it was necessary or convenient and for a period far in excess of that required by the statute.

■ It was brought before the court to determine the width of the roadway and to fix that width according to what was necessary and reasonable under the circumstances based upon the uses made of the road. The width was not limited to the beaten path but that which was reasonably safe and convenient for the use to which the road was put. We see no reason to interfere with the court's determination of the width of the road in question for safe and convenient travel.[2]

We are of the opinion that the evidence supports the findings of the court as to the user of the road and in decreeing that it was dedicated as a public way and in fixing its width. The decree of the lower court is affirmed. Respondents are entitled to costs.

HENRIOD, ELLETT and CROCKETT, JJ., concur.

CALLISTER, Chief Justice, concurs in the result.

1. Lindsay Land & Livestock Co. v. Churnos, 75 Utah 384, 285 P. 646; Bonner v. Sudbury, 18 Utah 2d 140, 417 P.2d 646; Morris v. Blunt, 49 Utah 243, 161 P. 1127.

2. Lindsay Land & Livestock Co. v. Churnos, supra; Whitesides v. Green, 13 Utah 341, 44 P. 1032.